IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOCELYN EARNEST, Individually and on Behalf of All Others Similarly Situated, | § § § § § | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 9:23-cv-00110 |
| SITEL OPERATING CORPORATION | § § § | |
| Defendant. | § § § | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jocelyn Earnest, and on behalf of herself and all others similarly situated ("Plaintiff" and "Class Members" respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against Sitel Operating Corporation (hereinafter "Sitel" or "Defendant") and show as follows:

### I.     SUMMARY

1.     Sitel violates the Fair Labor Standards Act ("FLSA") by failing to pay overtime to thousands of telephone-dedicated employees who perform work for the company both before and after their assigned work shifts. Sitel manages customer interaction for Sitel's clients by staffing the company with telephone-dedicated agents who make calls to and receive calls from customers and potential customers of Sitel's clients. The thousands of telephone-dedicated employees who receive calls from customers are the backbone of the services Sitel provides to its clients. However, Sitel's policy, pattern, or practice is to pay its telephone-dedicated agents only for the time they are logged into their phone systems and available for answering calls. The systematic

failure to pay for unrecorded and routine work activities adds up to thousands of dollars per year in unpaid wages and overtime wages for each of these employees.

2. Plaintiff Jocelyn Earnest is a telephone-dedicated employees who has been victimized by Sitel's unlawful pattern or practice with respect to overtime pay. As permitted by the FLSA, Plaintiff brings this collective action to recover the unpaid wages owed to her as an individual and as a representative for all other similarly situated employees (the "Class Members" or the "telephone-dedicated employees"). 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Eastern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

## III. THE PARTIES

5. Plaintiff Jocelyn Earnest lives and/or worked for Defendant in this judicial district. Her written consent to this action is attached at Exhibit A.

6. The "Class Members" and "telephone-dedicated employees" are those telephone-dedicated employees / agents who make calls to and receive calls from customers and potential customers of Sitel's clients providing "CX"/customer experience services to Sitel's clients' customers. Sitel employs individuals in and around Nacogdoches for CX work and previously operated a cell center in Nacogdoches, Texas. These employees are similarly situated to Plaintiff in that their relevant job duties (the "additional work") and pay provisions (hourly) are similar to Plaintiff.

7. Defendant Sitel Operating Corporation ("Sitel") is a foreign for-profit corporation

and can be served with process through its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville TN 37203-1312. Sitel employs CX agents in and around Nacogdoches, Texas.

## IV.  COVERAGE

8. At all times hereinafter mentioned, Sitel has been an employer within the meaning of Section 3(d) of the FLSA.  29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Sitel has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Sitel has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Sitel has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1). Further, Sitel has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.  FACTUAL BACKGROUND

12. Sitel employs telephone-dedicated CX employees to interface with customers and potential customers of Sitel's clients. These telephone-dedicated CX employees work out of their home on equipment provided by Sitel. These telephone-dedicated CX employees are the backbone of the services Sitel provides to its clients.

13. Sitel employees are expected to log onto their computer equipment prior to their

paid work time in order to be ready to answer phones at the beginning of their assigned phone shift times. Each day, prior to beginning their duties, the telephone-dedicated CX employees are required to prepare for their day's work by, among other things: powering up the necessary electronic equipment, booting up a variety of computer programs, logging into the necessary programs, initializing and accessing customer interfaces, initializing and accessing portal systems, starting up and connecting to Sitel-specified systems to assist customers, and checking the relevant alerts and e-mails.  The telephone-dedicated CX employees are required to perform this work in order to  be prepared and able to service the caller at the moment Plaintiff logs onto the phone systems to take calls. The work performed prior to and after Plaintiff's time working on the phones was/is substantial and for the significant benefit of Defendant, necessary to the business of Defendant, and conducted in the normal course of Defendant's business.

14. The telephone-dedicated CX employees are required to do work after their day's duties as well. This includes the completion of paperwork related to their phone work activities and other activities such as closing down the various computer and telephone systems used while working on the phone. Like the compensable preparatory work activities, these post-shift concluding activities were/are substantial and for the significant benefit of Defendant, necessary to the business of Defendant, and conducted in the normal course of Defendant's business.

15. The additional time Plaintiff and the Class Members spend doing preparatory and concluding activities is significant and compensable because these duties are principal activities themselves or are an integral and indispensable part of the employees' principal activities. However, Sitel does not pay for these additional work duties. Instead,  Sitel fails to record and pay for the time spent performing these compensable work duties. Because employees regularly work 40 hours (or more) per workweek, the unrecorded and unpaid time should be paid at time-and-a-

half of each employee's regular rate of pay in accordance with the FLSA. Sitel's failure to pay for this compensable work is a willful violation of the FLSA.

## VI.     PLAINTIFFS' DETAILED FACTUAL ALLEGATIONS

16. Plaintiff was a full-time, nonexempt, telephone-dedicated Sitel CX employee near Nacogdoches, Texas within the three years prior to this complaint being filed. Plaintiff was required, as part of her job, to perform various tasks prior to signing on to the phone system and clocking in and after signing off the phone system and clocking out. These activities are principal activities and are integral and indispensable to Plaintiff's principal activities. Plaintiff, and the other similarly situated Class Members, are not paid according to the time they actually perform work for Defendant, but rather are paid based on the time they are logged into the phone system (and clocked in) and responding to calls. Defendant is aware of the time employees spend working before and after their assigned and recorded phone shift times for the simple reason that multiple lawsuits have been filed against Defendant seeking similar relief.

17. While working as a telephone-dedicated CX employee, Plaintiff was paid an hourly rate but was not paid for the actual time she spent doing compensable pre-shift and post-shift duties, including overtime work. Plaintiff worked more than 40 hours a week performing work duties for Sitel, thus requiring the uncompensated pre-shift and post-shift time to be paid at overtime rates. Plaintiff performs the same or similar additional work duties as those performed by other telephone-dedicated CX employees working at Sitel.

18. As a nonexempt employee, Plaintiff was entitled to be paid at her regular rate for each hour worked and were entitled to be paid time-and-a-half for all hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a) & 207(a). Accordingly, Sitel's practice of failing to pay Plaintiff for the pre- and post-shift work is a clear violation of the FLSA.

19. No exemption excused Sitel from paying Plaintiff at her regular rate for all hours worked or at overtime rates for hours worked over 40 per workweek.

20. Sitel was aware of the improper pay practices through complaints from its employees but did not remedy the violation. As such, Sitel knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation and the payment of minimum wages to Plaintiffs and the Class Members.

### VII. COLLECTIVE ACTION ALLEGATIONS

21. Other employees have been victimized by the above-described pattern, practice, and policy which is in willful violation of the FLSA.  Many of these employees have worked  with Plaintiff and have reported that they were paid in the same manner as Plaintiff with no overtime pay for hours worked in excess of 40 per workweek for the pre- and post-shift preparatory and concluding activities identified above. Thus, from discussion with these employees and from being told that the improper time-keeping and pay practices are Sitel's policy, Plaintiff is aware that the illegal practices or policies have been imposed on the Class Members.

22. The Class Members performed the same or similar telephone-dedicated duties before and after their shifts. Moreover, these nonexempt CX employees regularly worked more than 40 hours in a workweek.  Accordingly, the employees victimized by Sitel's unlawful  pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

23. Sitel's failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of  the experience of the putative Class Members.

24. The specific job titles or precise job requirements of the various Class Members do

not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are  common to Plaintiff and the Class Members.

## VIII.   CAUSES OF ACTION

25. Plaintiff incorporates all allegations contained in paragraphs 1 through 24.

26. During the relevant period, and by way of the facts set forth above, Defendant violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for  workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## IX.   JURY DEMAND

27. Plaintiff, individually and on behalf of those similarly situated, request a jury  trial.

## X.   PRAYER

28. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order allowing Plaintiff to send notice of the pendency of this case to all putative class members;

  b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

  c. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  d. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys fees;

  e. For and Order awarding Plaintiff (and those who have joined in the suit) post-judgment interest at the highest rates allowed by law;

  f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Phone/Fax

ATTORNEY FOR PLAINTIFF